UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CARMELA FOSSETT, *individually and on behalf of the estate of* GLENDA FAYE SMITH,

    Plaintiff,

v.

THE HEALTH AND HOSPITAL CORPORATION OF MARION COUNTY *et al.*,

    Defendants.

CAUSE NO. 3:25cv481 DRL-JEM

OPINION AND ORDER

Carmela Fossett brings this nursing care suit for herself and the Estate of Glenda Faye Smith against The Health and Hospital Corporation of Marion County (called East Lake Nursing and Rehabilitation Center), American Senior Communities, LLC (ASC), Hendricks County Hospital (called Brickyard Healthcare), and Elkhart Operating, LLC. She alleges they violated their duties under the Federal Nursing Home Reform Act (FNHRA), 42 U.S.C. § 1396r, and related federal regulations, 42 C.F.R. §§ 483 *et seq*. She says these provisions create enforceable rights through 42 U.S.C. § 1983. East Lake and ASC alone move to dismiss for lack of standing under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6). Because Ms. Fossett lacks standing, the court must dismiss the entire case.

BACKGROUND

The court accepts the complaint's well-pleaded facts as true, taking all reasonable inferences in Ms. Fossett's favor. In 2018, Glenda Faye Smith was admitted to East Lake, a skilled nursing facility, after a stroke [1 ¶ 14, 31]. Ms. Smith could walk and talk upon admission, but her

health declined during her stay [*id.* ¶ 32]. She developed pressure wounds that became infected due to inadequate care and improper bathing methods [*id.* ¶ 33-34]. In June 2023, Ms. Smith suffered mini-strokes [*id.* ¶ 35].

In August 2023, Ms. Smith's family withdrew her from East Lake [*id.* ¶ 36] and transferred her to Brickyard Healthcare for further rehabilitative services in connection with her past stroke [*id.* ¶ 48]. Her pressure ulcers worsened [*id.* ¶ 49]. As alleged, Brickyard Healthcare also improperly installed a catheter, causing a tear in her labia [*id.*]. On December 1, 2023, Ms. Smith was admitted to Elkhart General Hospital and diagnosed with COVID-19 [*id.* ¶ 50]. She passed away on December 8, 2023; her cause of death was listed as septic shock [*id.* ¶ 37, 51].

Her daughter, Ms. Fossett, filed a complaint on June 2, 2024 [1]. She contends that the defendants violated FNHRA and related federal regulations, including requirements for adequate care, sufficient staffing, maintaining a resident's dignity, developing a care plan for patients, and providing notice regarding care and treatment [*id.* ¶ 42, 56]. Ms. Fossett was not the administrator of Ms. Smith's estate at the time of filing—she reportedly remains in the process now in 2025 of being appointed personal representative [*id.* ¶ 7].

## STANDARD

East Lake and ASC don't cite a rule in their request to dismiss for lack of standing, but their argument—that the court lacks subject matter jurisdiction—is properly analyzed under Rule 12(b)(1). *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020) (evaluating constitutional standing under Rule 12(b)(1)). A Rule 12(b)(1) motion "can take the form of a facial or a factual attack on the plaintiff's allegations." *Id.* When evaluating a facial challenge to subject matter jurisdiction, the court must accept alleged factual matters as true and draw all

2

reasonable inferences in favor of the plaintiff. *See id.*; *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). On the other hand, a plaintiff facing a factual attack doesn't enjoy the treatment of his allegations as true. *See Bazile*, 983 F.3d at 279. In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine whether it has power to adjudicate the action." *Id.* East Lake and ASC's Rule 12(b)(1) arguments are based on the facts listed in the complaint, so the court interprets their motion as a facial attack. The plaintiff bears the burden of establishing the jurisdictional requirements. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014). This is a facial attack.

In reviewing a Rule 12(b)(6) motion, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

## DISCUSSION

Ms. Fossett presents her claims through 42 U.S.C. § 1983. Section 1983 serves as a procedural vehicle for lawsuits "vindicating federal rights elsewhere conferred." *Graham v. Connor*,

490 U.S. 386, 393-94 (1989). To establish a § 1983 claim, she must show that either she or her deceased mother (now the Estate) was "deprived of a right secured by the Constitution or federal law, by a person acting under color of law." *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). She may bring a § 1983 claim only against an individual "personally responsible for the constitutional deprivation." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir. 2002). The parties argue whether she may state a claim in this fashion, *see, e.g., Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 172 (2023) (§ 1983 can be used to enforce certain FNHRA provisions), but the court must first ensure its jurisdiction, *see Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007).

Article III of the United States Constitution requires a plaintiff to have standing—a personal stake in the case. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Standing is "an essential ingredient." *Bazile*, 983 F.3d at 278. A plaintiff must maintain her "personal interest in the dispute at all stages of litigation," and she must demonstrate "standing for each claim [she] press[es] and for each form of relief [she] seek[s]." *TransUnion*, 594 U.S. at 431. By definition, she "bears the burden of establishing standing as of the time she brought the lawsuit and maintaining it thereafter" for purposes of this stage of motion practice. *Murthy v. Missouri*, 603 U.S. 43, 58 (2024) (alterations and citation omitted); *see also Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 830 (7th Cir. 1999).

Ms. Fossett sues in a dual capacity—for herself and for the Estate. To demonstrate standing, she must show (1) that she or the Estate suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was likely caused by the defendant, and (3) that the injury will be redressed by judicial relief. *See TransUnion*, 594 U.S. at 423. Ms. Fossett

4

acknowledges that, though she might be a beneficiary to a wrongful death claim, she lacks standing to bring a claim for herself. So the court address only whether she has standing to sue for the Estate.

The parties agree that Ms. Fossett has not been appointed the Estate's personal representative (administrator). Ms. Fossett argues she has standing because she will be appointed representative before the statute of limitations expires for injuries suffered in August 2023. The statute of limitations establishes the period after the decedent's death within which a personal representative may sue. Ind. Code § 34-11-7-1. She asks for a stay while that process of appointment occurs. She may come back if and when she is appointed the personal representative. Today she lacks standing—just as she did when she filed the suit.

Section 1983 is silent on survival and wrongful death. *See Robertson v. Wegmann*, 436 U.S. 584, 589 (1978) (quoting *Moor v. Cnty. of Alameda*, 411 U.S. 693, 702 n.14 (1973)) ("[O]ne specific area not covered by federal law is that relating to 'the survival of civil rights actions under § 1983 upon the death of either the plaintiff of the defendant.'"). A related provision provides that when federal law is "deficient in the provisions necessary to furnish suitable remedies," state statutory or common law applies "so far as the same is not inconsistent with the Constitution and laws of the United States." 42 U.S.C. § 1988(a); *see Robertson*, 436 U.S. at 588 (state common law).

Ms. Fossett's ability to sue on behalf of the Estate is a matter of Indiana law. *See* Fed. R. Civ. P. 17(b)(3) ("Capacity to sue or be sued is determined . . . by the law of the state where the court is located"); *Owsley v. Gorbett*, 960 F.3d 969, 970 (7th Cir. 2020) ("right to sue as representative of an estate depends on state law"). The parties both rely on Indiana law on survivor and wrongful death actions. Under Indiana law, "[e]very personal representative shall

have full power to maintain any suit in any court of competent jurisdiction, in [her] name as such personal representative, for any demand of whatever nature due the decedent or [her] estate[.]" Ind. Code § 29-1-13-3. "If the death of an adult person is caused by the wrongful act or omission of another person, only the personal representative may maintain an action[.]" Ind. Code § 34-23-1-2(b). "Personal representative" includes executor, administrator, and special administrator, Ind. Code § 29-1-1-3(a)(30), and is distinct from heirs, *see Inlow v. Henderson, Daily, Withrow & DeVoe*, 787 N.E.2d 385, 394 (Ind. Ct. App. 2003) (quoting *Baker v. State Bank of Akron*, 44 N.E.2d 257, 261 (Ind. Ct. App. 1942)) ("actions to recover the personal estate or its value must be brought by the executor or administrator, and not by the heirs, legatees, or distributees"); *see also White v. Henry Cnty. Mem'l Hosp.*, 2025 U.S. Dist. LEXIS 155322, 14-15 (S.D. Ind. Aug. 12, 2025).

Ms. Fossett was not the Estate's personal representative when she filed the complaint. She pleads only that she was in the process of being appointed one, not that she is. She accordingly lacks standing to sue for the Estate. *See also Hunter v. Pepsico, Inc.*, 631 F. Appx. 445, 446 (7th Cir. 2015) (plaintiff lacked standing to sue on behalf of estate because he wasn't the executor or administrator under Illinois or New York law). She asks for a stay, but the court cannot grant relief without jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). This isn't just putting the cart before the horse; she lacks even the horse to pull the cart.

Though only East Lake and ASC moved to dismiss, the same standing defect exists as to all claims. She has been fully heard on any basis to assert standing and establish the court's subject matter jurisdiction. Her claims against Brickyard Healthcare and Elkhart Operating are predicated on alleged violations of the same FNHRA provisions on behalf of the Estate [1 ¶ 52-60].

6

Accordingly, without standing as to any claim or thus far at any stage, the court must dismiss the entire suit. *See Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) ("district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*"). An amendment would be futile without jurisdiction.

## CONCLUSION

For these reasons, the court GRANTS the motion to dismiss [33] and DISMISSES this suit against all defendants without prejudice under Rule 12(b)(1). The court declines to reach the Rule 12(b)(6) arguments without jurisdiction. This order terms the case.

SO ORDERED.

October 22, 2025                               *s/ Damon R. Leichty*
                                               Judge, United States District Court